IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| ROBERT G. WALKER,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE TITLE & ESCROW CORP.; ANY OF THOSE CLAIMING INTEREST INCLUDING: ARGENT MORTGAGE COMPANY, LLC; WELLS FARGO BANK. N.A.; PARK PLACE SECURITIES, INC., ASSET SERIES 2005-WCW1; RTS PACIFIC, INC.; AND SELECT PORTFOLIO SERVICING, INC.;<br><br>Defendants. | CV 15-109-BLG-SPW<br><br>OPINION AND ORDER |

Before the Court is a Motion for Summary Judgment (Doc. 16) filed by Defendants Select Portfolio Servicing, Inc., (SPS) and Wells Fargo Bank. N.A., as Trustee, for the Certificate Holders of Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-WCW1 (the Trust). The Motion for Summary Judgment was accompanied by a brief in support (Doc. 17) and a statement of undisputed facts (Doc. 18).

Plaintiff Robert Walker (Walker) did not respond to the Motion for Summary Judgment. Pursuant to local rule, Walker's failure to file a statement of

1

disputed facts is deemed an admission that no material facts are in dispute. Dist. Mont. L.R. 56.1(d). For the reasons discussed below, SPS's and the Trust's Motion for Summary Judgment (Doc. 16) is GRANTED.

## I. Undisputed facts.

The property at issue in this case is located at 3150 Fairmeadow Drive, Billing, MT. Walker financed the original purchase of the property with a mortgage in the amount of $164,000 (New Century Loan). (Doc. 18 at 5). New Century Mortgage Corporation was the lender. (Doc. 18 at 5). The mortgage was evidenced by a deed of trust dated February 6, 2004 (New Century Deed of Trust). (Doc. 18 at 5).

Walker took out a second mortgage on the property in the amount of $214,160 (Argent Loan). (Doc. 18 at 5-6). Agent Mortgage Company, LLC, was the lender. (Doc. 18 at 5-6). Stewart Title was the trustee. (Doc. 18 at 6). The second mortgage was evidenced by a deed of trust dated May 3, 2005 (Argent Deed of Trust). (Doc. 18 at 5-6). The Argent Loan proceeds were used to pay off the New Century Loan. (Doc. 18 at 8). Accordingly, the New Century Deed of Trust was reconveyed on June 20, 2005, and was thereafter no longer a lien on the property. (Doc. 18 at 8).

In December 2010, Argent Mortgage Company, LLC, executed an Assignment of Deed of Trust, transferring all interest in the Argent Deed of Trust

2

to Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2006-WCW1. (Doc. 18 at 15). On October 23, 2013, Wells Fargo Bank, N.A., as Trustee in Trust for the Registered Holders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2006-WCW1 executed an Assignment of Deed of Trust, transferring all interest in the Argent Deed of Trust to Wells Fargo Bank, N.A., as Trustee in Trust for the Registered Holders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-WCW1 (the Trust). (Doc. 18 at 16). The Trust is the current assignee and owner of the Argent Deed of Trust. (Doc. 18 at 16). Walker has made no payments on the Argent Loan since February 2010. (Doc. 18 at 10).

## II. Summary judgment standard.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III. Discussion.

Under Montana law, a foreclosure is proper upon establishing (1) the debt of the borrower; (2) non-payment of that debt; and (3) present ownership of the debt by the party seeking to foreclose. *First Nat. Bank of Albuquerque v. Quinta Land & Cattle Co.*, 779 P.2d 48, 50 (Mont. 1989).

The undisputed facts establish (1) Walker has a debt obligation owed to Argent Mortgage Company, LLC; (2) Walker has not made a payment on that debt since February 2010; and (3) the Trust owns the debt. Accordingly, foreclosure is proper as a matter of law. *Quinta Land*, 779 P.2d at 50.

## IV. Conclusion.

Walker's complaint asks the Court to determine the Defendants are precluded from foreclosure, to permanently enjoin the Defendants from foreclosure, to direct the Defendants to provide Walker with an alternative to

4

foreclosure, and for attorney fees. Because the undisputed facts establish foreclosure is proper as a matter of law, the Defendants are entitled to judgment in their favor on all claims.

IT IS ORDERED that SPS's and the Trust's Motion for Summary Judgment on all claims (Doc. 16) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of the Defendants and close this case.

DATED this 4th day of November, 2016.

SUSAN P. WATTERS
United States District Judge